# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kathy Reaves, | ) | C/A No.: 4:19-2922-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Marion County School District, | ) | |
| Marion County Board of Directors, | ) | |
| Kandace Bethea, Paula Grant, | ) | |
| Stacy Wilbanks, Creek Bridge Stem | ) | ORDER AND NOTICE |
| Academy, Rachel Caulder, Latonya | ) | |
| Yates Ford, Waymon Edmunds, | ) | |
| and Adrienne Johnson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Kathy Reeves ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against the above-named Defendants (collectively "Defendants"), alleging violations of her civil rights, as well as other violations under federal and state law. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

## I.     Factual and Procedural Background

Plaintiff states she is employed by the Marion County School District ("District") as a computer/business education teacher at Creek Bridge STEM

Academy ("School"). [ECF No. 1 at 1]. She states District and Marion County Board of Directors ("Board") are the governing bodies for District; Kandace Bethea ("Superintendent") is District's Superintendent; Paula Grant ("HR Director") is District's Director of Human Resources; Stacy Wilbanks ("Principal") is School's Principal; Rachel Caulder ("Lead Teacher") is the lead teacher at School; LaTonya Yates Ford ("Assistant Principal") is the Assistant Principal at School; and Waymon Edmunds ("Classroom Teacher") is a classroom teacher at School. *Id.* at 1–2.

Plaintiff alleges she was offered a position as a teacher[1] in District by School's former principal Darryl Woodberry ("Former Principal"), an African American male, in May 2019 and signed a contract in or around June 2019. *Id.* at 2. She claims that upon reporting for duty on August 14, 2019, she learned Former Principal had been replaced by Principal, a white female. *Id.* She

_____

[1] Plaintiff indicates she is participating in the Program of Alternative Certification for Educators ("PACE"). PACE was "established to enable degreed individuals, who otherwise do not meet certification requirements, to gain employment in the public schools in a PACE approved subject area teaching position based on their Bachelor's Degree concentration and coursework." Program of Alternative Certification for Educators (PACE). South Carolina Department of Education. https://ed.sc.gov/educators/teaching-in-south-carolina/alternative-certification/alternative-certification-programs/program-of-alternative-certification-for-educators/ (last accessed Oct. 22, 2019). A court may take judicial notice of information on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record"). Thus, it appears Plaintiff is not a certified teacher.

maintains Principal changed her job description from teacher to elementary support and middle school interventionist. *Id.* She states she questioned whether Principal could change her job without renegotiating the contract. *Id.*

Plaintiff alleges that on August 19, 2019, she attended a meeting with HR Director, Principal, Assistant Principal, and Assistant Superintendent (not a defendant). *Id.* at 3. She claims HR Director questioned her about a conversation she had on a cell phone at a restaurant that was overheard by another School employee. *Id.* Plaintiff states she complained of the change in her job description during the meeting and Principal indicated she would meet with her separately to discuss her job duties and expectations. *Id.*

Plaintiff indicates Lead Teacher issued user names and passwords for state math assessments to Classroom Teacher's students on September 13, 2019.[2] *Id.* Classroom Teacher's students reported to Plaintiff's work area[3] to participate in the testing. *Id.* The students' passwords did not work, and they were unable to engage in testing. *Id.* Plaintiff claims Classroom Teacher expressed his frustration that the process had not been perfected prior to the date of testing. *Id.* She states Classroom Teacher sought out Lead Teacher and Assistant Principal, but was unable to find them. *Id.* She indicates Classroom

---

[2] Plaintiff identifies Classroom Teacher and Lead teacher as "[w]hite." [ECF No. 1 at 3].

[3] It is not clear from the complaint, but it appears Plaintiff's assigned work area was a computer lab. *See* ECF No. 1 at 3.

Teacher returned to the classroom and reported his frustration to the students, stating he did not appreciate his class being used as "guinea pigs" and was angry because no one had confirmed the passwords or ensured that the proper software was installed.[4] *Id.*

Plaintiff claims she was placed on administrative leave with pay on September 16, 2019.[5] *Id.* Plaintiff indicates that on September 26, 2019, Lead Teacher removed her from the professional development team. *Id.* at 4. She states she emailed Lead Teacher to question why she was removed, but Lead Teacher failed to respond. *Id.* She claims that on October 7, 2019, Assistant Principal removed her from the duty schedule for the period from October 7, 2019, through June 30, 2020. *Id.*

Plaintiff states she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on August 25, 2019, alleging discriminatory treatment in the workplace and harassment. *Id.* at 3. She indicates the EEOC received her formal charge of discrimination, 410-2019-01583, on or about October 2, 2019. *Id.* at 4. She states she filed a formal

---

[4] Plaintiff does not admit her job duties included preparing computers for use for state testing, but Classroom Teacher presumably considered Plaintiff to have neglected her duties. [ECF No. 1 at 3].

[5] Although Plaintiff only describes the September 13, 2019 incident as precipitating her placement on administrative leave, she alludes to, but does not specifically address, complaints from multiple coworkers alleging she engaged in disruptive behavior in the workplace.

grievance with District on October 10, 2019, as well as two additional charges with the EEOC for retaliation. *Id.*

Plaintiff alleges that on October 14, 2019, Superintendent informed her that she was recommending she be terminated based on emails she sent to Lead Teacher, as well as false information she had provided on her application for employment. *Id.* She states Superintendent indicated District and HR Director were unaware she lived and worked in Georgia. *Id.* Plaintiff maintains Former Principal was aware she was living and working in Georgia when she interviewed with him, and she informed Assistant Principal she was living in Georgia when discussing a professional development conference in Florence, South Carolina, in July 2019. *Id.* She further maintains she provided a Georgia address for pay and benefits. *Id.*

Plaintiff sets forth 17 alleged causes of action in the complaint and claims many of these alleged causes of action fall under 42 U.S.C. § 1983.[6] She alleges District and Superintendent violated her due process rights under the Fifth and Fourteenth Amendments by withholding exculpatory evidence,

---

[6] Plaintiff specifically sets forth the 17 alleged causes of action discussed herein. She appears to allege she was treated unfairly in comparison to Classroom Teacher, a white male coworker, but does not specifically set forth a cause of action under Title VII of the Civil Rights Act of 1965, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). *Id.* at 5. If Plaintiff expects the court to consider a claim under Title VII, she must specifically plead the cause of action in an amended complaint.

fabricating false reports, and placing her on administrative leave without following grievance procedures outlined in School's faculty handbook and Board bylaws. *Id.* at 5–6. She also generally alleges all other defendants violated her due process rights under the Fifth and Fourteenth Amendments. *Id.* at 5. She states defendants conspired to violate her constitutional rights. *Id.* at 6. She claims defendants denied her access to evidence, failed to intervene to protect her rights, and were negligent in violation of § 1983. *Id.* at 7, 9–10. She maintains defendants retaliated against her for expressing her right to free speech under the First Amendment. *Id.* at 11. She claims Principal, HR Director, and Superintendent violated her rights under § 1983 by breaching her contract. *Id.* at 11–12. She states defendants engaged in workplace harassment and defamation. *Id.* at 12. She indicates District and School engaged in fraud in violation of § 1983. *Id.* at 13.

Plaintiff further alleges defendants conspired to interfere with her civil rights in violation of 42 U.S.C. § 1985(3). *Id.* at 6. She claims defendants violated the Whistleblower Protection Act. *Id.* at 12. She alleges causes of action against defendants for malicious prosecution, civil conspiracy, and intentional infliction of emotional distress under South Carolina law. [ECF No. 1 at 8–9].[7]

---

[7] Plaintiff sets forth causes of action for respondeat superior and indemnification. These are legal doctrines pertaining to third-party liability,

6

Plaintiff requests compensatory damages, costs, and attorney fees in excess of $75,000 and an injunction preventing District, Superintendent, and Board from engaging in discrimination, workplace harassment, and retaliatory termination pending resolution of the EEOC charges against them. *Id.* at 13–14.

II.    Discussion

A.    Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se

_____

as opposed to causes of action.

complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

1.    District and School Not Subject to Suit Under § 1983

To state a plausible claim for relief under 42 U.S.C. § 1983,[8] an aggrieved party must sufficiently allege she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds are not "persons" and cannot act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

---

[8] Plaintiff's complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

Plaintiff has named as defendants District and School. [ECF No. 1 at 1–2]. Plaintiff's claim for monetary damages against District and School is subject to summary dismissal because neither District nor School qualify as a "person" amenable to suit for monetary damages under § 1983.

> 2.      Failure to State a Claim for Violations of Due Process Under § 1983 Against Board, HR Director, Principal, School, Lead Teacher, Assistant Principal, Classroom Teacher, and Johnson and Failure to State Additional Claims Under § 1983 Against All Defendants

To assert a viable § 1983 claim against a public official, a causal connection or affirmative link must exist between the public official and his/her conduct. *See Iqbal*, 556 U.S. at 676 (providing a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Vinnedge*, 550 F.2d at 928 (for an individual to be liable under § 1983, it must be affirmatively

shown the official charged acted personally in the deprivation of the plaintiff's rights).

Plaintiff makes specific allegations under § 1983 against District and Superintendent for violations of her Fifth and Fourteenth Amendment rights to due process and generally alleges "all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived [her] of her constitutional right to due process and a fair tribunal." [ECF No. 1 at 5]. Plaintiff makes only a conclusory statement indicating Board, HR Director, Principal, School, Lead Teacher, Assistant Principal, Classroom Teacher, and Adrienne Johnson[9] deprived her of due process rights, and she asserts no specific factual allegations to support her claim. *See Ashcroft*, 556 U.S. at 677–78; *Bell Atlantic Corp.*, 550 U.S. at 555. Thus, Plaintiff has not shown a causal link between these defendants and the alleged violation of her constitutional rights. *See Iqbal*, 556 U.S. at 676.

Plaintiff alleges "Defendants reached an agreement amongst themselves to get Plaintiff fired, and to thereby deprive Plaintiff of her constitutional rights" after she filed the EEOC complaint and a complaint with the U.S. Department of Education's Office of Civil Rights. [ECF No. 1 at 6]. Plaintiff

---

[9] Plaintiff does not set forth any facts in the complaint regarding Johnson.

has failed to identify specific constitutional violations by each defendant to support her allegations, as required under § 1983. *See* 42 U.S.C. § 1983.

Plaintiff alleges "Defendants, all while acting individually, jointly, and in conspiracy, denied Plaintiff the right to access to evidence . . . ." in violation of 42 U.S.C. § 1983. [ECF No. 1 at 7]. Plaintiff makes only a conclusory statement as to defendants and identifies no specific constitutional right providing general access to the information she requests. *See* 42 U.S.C. § 1983. Accordingly, Plaintiff's denial of access claim is subject to summary dismissal.

Plaintiff alleges Principal violated 42 U.S.C. § 1983 in failing to intervene to redirect complaints against her through the proper grievance process. [ECF No. 1 at 7–8]. Plaintiff makes only a conclusory statement and identifies no specific unconstitutional action by Principal giving rise to a claim under § 1983. Thus, Principal is not vicariously liable for Superintendent's and District's alleged failures to follow the appropriate grievance procedure.

Plaintiff states "one or more of the Defendants . . . stood by without intervening." [ECF No. 1 at 8]. To the extent she alleges the other defendants had a duty to intervene in the grievance process, Plaintiff has made only a conclusory statement and has failed to allege sufficient facts to show the other defendants acted personally in the deprivation of her rights. *See Wright*, 766 F.2d at 850.

Plaintiff alleges HR Director negligently performed her job in failing to identify deficiencies in her application when it was submitted. [ECF No. 1 at 10]. She claims Superintendent and School District negligently trained HR Director, resulting in her failure to properly review her application. *Id.* Plaintiff alleges Lead Teacher was negligent in failing to address her professional development needs. *Id.* She states other defendants were negligent because they made mistakes and demonstrated incompetency. *Id.* Individuals do not enjoy a constitutional right to be free from the effects of others' negligence. A claim only arises if, as a result of the negligence of a state actor, a plaintiff is deprived of her rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. Plaintiff makes only conclusory statements and identifies no specific violations of the Constitution or laws resulting from defendants' alleged negligence.

Plaintiff alleges "all Defendants retaliated against her because she expressed her First Amendment right to free speech when she documented and reported incompetencies she saw in her co-workers and also when she asked [for] professional development." [ECF No. 1 at 11]. Plaintiff fails to allege sufficient facts to support a finding that any defendant, through his, her, or its individual actions, deprived her of her First Amendment right to free speech in violation of § 1983.

Plaintiff alleges Principal, HR Director, and Superintendent breached her contract by changing her job duties and description in violation of § 1983.[10] [ECF No. 1 at 11]. Plaintiff has failed to identify any violation of the Constitution or federal law implicated by the alleged breach of contract, which is required to support a cause of action under § 1983. *See* 42 U.S.C. § 1983.

Plaintiff alleges defendants engaged in workplace harassment in violation of § 1983 and states that "because [she was] place[d] on administrative leave, she is unable to participate in ongoing PACE Induction sessions that are required for her to participate in teacher certification." [ECF No. 1 at 12]. She has failed to set forth specific acts by defendants that would suggest they engaged in harassment and has not identified particular violations of the Constitution or federal law resulting from defendants' actions. *See* 42 U.S.C. § 1983.

Plaintiff alleges defendants' actions leading up to and including her being placed on administrative leave "blemished her professional record . . . without just cause." [ECF No. 1 at 13]. She alleges defendants defamed her

---

[10] Under the section for Breach of Contract under § 1983 in her complaint, Plaintiff alleges "Defendants are interfering with her certification and participation in the Induction classes that are required for her to complete by banning her from all Marion County School District premises while these sessions are going on." [ECF No. 1 at 11]. It is unclear from the complaint whether Plaintiff is referring to Principal, HR Director, and Superintendent or all defendants. If Plaintiff is referring to all defendants, she has failed to allege specific actions concerning them.

character in violation of § 1983. *Id.* Plaintiff has identified no specific violation of the Constitution or federal law resulting from defendants' alleged actions that would support a cause of action under § 1983. *See* 42 U.S.C. § 1983

Plaintiff alleges District and School are engaging in fraud in violation of § 1983 because School has not "obtained the full certification and credentials issued by the State Department of Education and the United States Department of Education" for a STEM school. [ECF No. 1 at 13]. Pursuant to § 1983, Plaintiff must allege she was personally injured by defendants' actions in violation of the Constitution or federal law. Plaintiff has not shown the alleged fraud by School or District injured her personally, as required to support her claim under § 1983.

Accordingly, Plaintiff's claim under § 1983 for violation of due process is subject to summary dismissal as to Board, HR Director, Principal, School, Lead Teacher, Assistant Principal, Classroom Teacher, and Johnson. Her claims under § 1983 for conspiracy to deprive constitutional rights, denial of access, failure to intervene, negligence, violation of the First Amendment, breach of contract, workplace harassment, defamation, and fraud are subject to summary dismissal as to all defendants.

3.     Failure to State A Claim Against Defendants Under § 1985

Plaintiff alleges "each of the Defendants conspired, directly or indirectly, for the purpose of depriving Plaintiff of equal protection of the law," in violation of 42 U.S.C. § 1985(3). [ECF No. 1 at 6]. The statute provides as follows:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C.A. § 1985(3). Plaintiff makes only a conclusory statement as to defendants and fails to allege sufficient facts to support a cause of action under 42 U.S.C. § 1985(3). Accordingly, her claim under 42 U.S.C. § 1985(3) is subject to summary dismissal.

###### 4. Failure to Allege Facts to Support State Law Claim for Malicious Prosecution

Plaintiff alleges "Defendants caused [her] to be improperly subjected to disciplinary proceedings for which there was no probable cause," in violation of South Carolina law. [ECF No. 1 at 8]. "[T]o maintain an action for malicious prosecution [under South Carolina law], a plaintiff must establish: (1) the institution or continuation of original judicial proceedings; (2) by or at the insistence of the defendant; (3) termination of such proceedings in [the] plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage." *Pallares v. Seinar*, 756 S.E. 2d 128 (S.C. 2014). Plaintiff has failed to establish institution or continuation of original judicial proceedings and termination of such proceedings in her favor. Accordingly, her claim for malicious prosecution under South Carolina law is subject to summary dismissal.

###### 5. Failure to Allege Facts and Damages to Support State Law Claim for Civil Conspiracy

Plaintiff alleges "Defendants, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means." [ECF No. 1 at 8]. Plaintiff makes only a conclusory statement to support the alleged cause of action.

Furthermore, "[t]he gravamen of a civil conspiracy claim is the damage resulting to the Plaintiff from the acts taken in furtherance of the combination;

accordingly, the damages alleged must go beyond the damages alleged in other causes of action." *Allegro, Inc. v. Scully*, 791 S.E.2d 140, 144 (S.C. 2016) (citing *Pye v. Estate of Fox*, 633 S.E.2d 505, 511 (S.C. 2006)). "Special damages must be alleged in the complaint to avoid surprise to the other party." *Id.* at 144–45 (quoting *Sheek v. Lee*, 345 S.E.2d 496, 497 (S.C. 1986). Plaintiff has not alleged special damages in the complaint.

For the foregoing reasons, Plaintiff's state law claim for civil conspiracy is subject to summary dismissal.

6.    Failure to Allege Facts Supporting a Claim for Intentional Infliction of Emotional Distress

Plaintiff alleges defendants engaged in "actions and conduct" that "directly and proximately cause[d her] severe emotional distress." [ECF No. 1 at 9]. She claims defendants' actions support a claim for intentional infliction of emotional distress under South Carolina law. *Id.*

The Supreme Court of South Carolina has stated the following:

> To recover for outrage—otherwise known as intentional infliction of emotional distress—a plaintiff must establish the following: (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct; (2) the conduct was so "extreme and outrageous" so as to exceed "all possible bounds of decency" and must be regarded as "atrocious, and utterly intolerable in a civilized community;" (3) the actions of the defendant caused plaintiff's emotional distress; and (4) the emotional distress suffered by plaintiff was "severe" such that "no reasonable man could be expected to endure it."

*Bass v. S.C. Dep't of Soc. Servs.*, 780 S.E.2d 252, 260–61 (S.C. 2015) (internal citations omitted).

Plaintiff has made only conclusory statements as to defendants' conduct and has failed to allege sufficient facts to support a claim for intentional infliction of emotional distress under state law. Accordingly, Plaintiff's state law claim for intentional infliction of emotional distress is subject to summary dismissal.

### 7. Defendants Not Subject to Whistleblower Protection Act

Plaintiff alleges defendants "conspired against her in all actions because she complained about several, egregious processes within Defendant Marion County School District and Defendant Creek Bridge STEM Academy as she tried to communicate with her co-workers." [ECF No. 1 at 12]. She claims defendants' actions violated the Federal Whistleblower Protection Act. *Id.* The Federal Whistleblower Protection Act of 1989, 5 U.S.C. § 1213, *et seq.* "applies only to federal employees reporting misconduct by federal agencies." *Siegler v. The Ohio State University*, C/A No. 2:10-172, 2011 WL 1990548, at *3 n.2 (S.D. Ohio May 23, 2011). As defendants are not federal employees and Plaintiff has not reported misconduct by a federal agency, her claim under the Federal Whistleblower Protection Act is subject to summary dismissal.

8. Plaintiff Not Entitled to Injunctive Relief

Plaintiff requests the court enter an injunction preventing Superintendent, District, and Board from engaging in further discrimination, workplace harassment, and retaliatory termination pending the resolution of the EEOC charges. [ECF No. 1 at 14].

A party seeking a preliminary injunction must establish the following factors: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief,; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest." *Winter v. National Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In weighing these factors, the court must "compare the likelihood of irreparable harm to the plaintiff with the potential harm the defendant will experience from the grant of preliminary injunctive relief." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048, 1054 (4th Cir. 1985); *see also Winter*, 555 U.S. at 22 ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable harm is *likely* in the absence of an injunction."); *Amoco Production Co. v. Gambrell*, 480 U.S. 531, 542(1987) (explaining the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief"). After comparing these factors, the court may grant the motion for preliminary injunction "[i]f the balance of hardships tips decidedly in the

plaintiff's favor" and if the court "determines that the dispute presents a serious issue for litigation and that the injunction will serve the public interest." *Id.* "

Plaintiff has not demonstrated she is likely to succeed on the merits. Her factual allegations are limited, vague, and conclusory. She has not supported her allegations with any evidence.

Although Plaintiff has not specifically argued she is likely to suffer irreparable harm, the undersigned concedes her request is calculated to prevent Superintendent, District, and Board from terminating her employment, which would presumably cause her irreparable harm.

Plaintiff has not met her burden to show the balance of equities tip in her favor nor that the public interest would be served by enjoining Superintendent, District, and Board from terminating her employment.[11] Thus, Plaintiff has not established the factors necessary for the court to grant her request for injunctive relief.

---

[11] Plaintiff has noted Superintendent cited emails she sent to Lead Teacher and false information she provided on her application for employment as evidence supporting her termination. [ECF No. 1 at 4]. Thus, the court anticipates Superintendent, District, and School would argue the public interest is best served by permitting Plaintiff's termination.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in her complaint by filing an amended complaint by November 14, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

October 24, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge